**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, et al., <br><br> Plaintiffs, <br> vs. <br> Lauro Chacon, Jr., <br><br> Defendant. | No. CR-09-1269-PHX-PGR <br><br> (East Mesa Justice Court No. TR 2009-153699) <br><br> ORDER OF REMAND |

Defendant Laurio Chacon, Jr., acting *pro se*, filed a Notice of Removal of Action on October 5, 2009; the removed action involves various criminal DUI-related charges pending against Chacon in the East Mesa Justice Court. Having reviewed the removal notice, the Court *sua sponte* finds that it lacks subject matter jurisdiction over this action and will therefore summarily remand it to the Justice Court pursuant to 28 U.S.C. § 1446(c)(4).

Federal courts are courts of limited jurisdiction and are presumed to lack jurisdiction in a particular case unless and until it has been demonstrated that jurisdiction over the subject matter exists. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The right to remove any case from state court to federal court is governed by statute, and removal jurisdiction statutes are strictly construed against removal. Libbart v. Santa Monica Dairy Co., 592 F.2d 1062,

1064 (9th Cir.1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir.1992).

This Court has jurisdiction over removed state criminal actions only under very limited circumstances - since the defendant does not allege that he is any type of a federal officer, the only potential basis for a jurisdictionally-proper removal would be 28 U.S.C. § 1443, which gives a right of removal, among others, to certain criminal defendants claiming federally secured rights as a defense to a state prosecution. Such a ground for removal is "specific and extremely narrow" in that a case may be removed under § 1443 only if the defendant (1) asserts that the right upon which he relies arises under a federal law providing for specific civil rights stated in terms of racial equality, and (2) asserts that he has been denied or cannot enforce that civil right in the state courts, and such an allegation must be supported by reference to a state statute or constitutional provision that purports to command the state courts to ignore the federal right. California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1971); *see also*, Maurietta v. Arizona, 395 F.2d 210, 211 (1968).

The Court concludes that the defendant has failed to allege any non-frivolous basis for removal pursuant to § 1443 inasmuch as the sole predicate for the removal of this action is his allegation that the Justice Court is violating his federal and state constitutional right to defense by counsel, which is not a right falling within the purview of § 1443. Therefore,

IT IS ORDERED that defendant Chacon's Application to Proceed in District Court Without Prepaying Fees or Costs (doc. #3) is denied.

IT IS FURTHER ORDERED that this action is remanded to the East Mesa

Justice Court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c)(4).

DATED this 10th day of October, 2009.

Paul G. Rosenblatt
United States District Judge